**FILED**
**AUG 29 2006**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CRAFT & ASSOCIATES, INC., | * | CIV. 03-4247 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER DENYING THIRD AMENDMENT OF COMPLAINT |
| vs. | * | |
| COLLEGEAMERICA SERVICES, INC., | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff, Craft & Associates, Inc., has filed a motion requesting permission to file and serve its third amended complaint. Doc. 70. The proposed amended complaint adds Carl B. Barney, California College, Inc., California College San Diego, Inc., Stevens-Henager College, Inc., CollegeAmerica Denver, Inc., and CollegeAmerica Arizona, Inc., as defendants to the claims made by Plaintiff in this action. Defendant resists the motion to amend, contending that the motion is untimely and that Plaintiff had the knowledge it needed to make in a timely manner the proposed claims against the proposed additional defendants. Doc. 75. Plaintiff filed a reply to the response, and on June 9, 2006, Defendant filed an Addendum to its response to the motion. Doc. 76, 77. For the reasons stated in this memorandum opinion, the motion requesting permission to file and serve a Third Amended Complaint (Doc. 70) is denied.

This action originated in South Dakota Small Claims Court in July of 2003, with the Plaintiff requesting damages from Defendant, College America Services, Inc., in the amount of $5,600. After Defendant was successful in having the case removed from South Dakota Small Claims to Circuit Court, Second Judicial Circuit, Plaintiff filed a verified amended complaint in Circuit Court for breach of contract and unjust enrichment alleging Defendant's wrongful use of inventions and copyrightable material created by Plaintiff, and seeking damages in the amount of $89,135.70. On October 10, 2003, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(a).

The Rule 16 Scheduling Order which was entered on December 7, 2004, allowed the parties until February 1, 2005, to move to join additional parties and to amend the pleadings. In May of 2005, the parties stipulated to and the Court allowed the filing of a Second Amended Complaint.

The Amended Rule 16 Scheduling Order which was filed on December 29, 2005, noted that the date had expired for the parties to join additional parties and to amend the pleadings. Doc. 53. The Amended Rule 16 Scheduling Order established a discovery deadline of June 30, 2006, and a trial date of November 14, 2006.

The second amended complaint raises claims for breach of contract, unjust enrichment and copyright infringement arising out of an agreement between Plaintiff and CollegeAmerica Services, Inc., for Plaintiff to produce and place marketing media for Stevens-Henager College in various locations in Arizona, Colorado and Utah, to promote CollegeAmerica Services, Inc.'s educational opportunities. The second amended complaint alleges that Stevens-Henager College was acquired by CollegeAmerica Services, Inc., in 1992 and is legally controlled by CollegeAmerica Services, Inc. The answer to the second amended complaint, which was filed in August of 2005, denies this allegation regarding the relationship between Stevens-Henager College and CollegeAmerica Services, Inc.

The proposed third amended complaint alleges that CollegeAmerica Services, Inc. "conducts marketing services on behalf of CollegeAmerica Arizona, Inc., College America Denver, Inc., Steven-Henager College, Inc., California College San Diego Inc., and California College, Inc." The proposed third amended complaint alleges that during the term of the agreement between Plaintiff and CollegeAmerica Services, Inc., Plaintiff produced and placed advertisements promoting the educational services of CollegeAmerica Arizona, Inc., College America Denver, Inc., and Stevens-Henager College, Inc. The proposed third amended complaint alleges that CollegeAmerica Services, Inc., CollegeAmerica Arizona, Inc., College America Denver, Inc., Stevens-Henager College, Inc., California College San Diego Inc., and California College, Inc. gained access to Plaintiff's copyrighted works through the business relationship between CollegeAmerica Services, Inc. and Plaintiff that existed from 1996 to 2003.

Plaintiff alleges in its proposed third amended complaint that after CollegeAmerica Services, Inc. stopped paying for the use of the copyrighted works, CollegeAmerica Services, Inc., CollegeAmerica Arizona, Inc., College America Denver, Inc., and Stevens-Henager College, Inc., continued, without the right, to use Plaintiff's copyrighted works. Plaintiff further alleges in its proposed third amended complaint that California College San Diego Inc., and California College,

Inc. never had permission to use, but still used Plaintiff's copyrighted images. In addition, the proposed third amended complaint alleges that Carl B. Barney as president, director and sole shareholder of the defendant colleges is personally and vicariously liable for the alleged copyright infringements committed by the defendant colleges.

Plaintiff contends that until it received Defendant College America Services, Inc.'s Answers to Plaintiff's Amended Second Set of Interrogatories dated March 8, 2006, Plaintiff understood that the colleges for which it prepared advertising were owned by Defendant College America Services, Inc. Plaintiff further contends that its understanding of the relationships was supported by various statements made during this proceeding by representatives of College America Services, Inc.[1] This Court does not find any of the statements so misleading as to justify adding six new defendants at this late date, especially in light of the fact that the answer to the second amended complaint denied the allegation that Stevens-Henager College was acquired by and legally controlled by

---

[1] Plaintiff, in support of its contention that it was misled by about the relationship between Defendant College America Services, Inc., and the proposed additional defendant colleges, explains:

> In an affidavit dated December 8, 2003, in support of CAS' motion to dismiss for lack of jurisdiction, Carl B. Barney stated under oath, "At all times relevant herein, CollegeAmerica, Inc. is *an educational institution* with affiliated campuses located in Denver, Colorado, Colorado Springs, Colorado, Fort Collins, Colorado, Flagstaff, Arizona, Salt Lake City, Utah, Ogden, Utah, Logan, Utah, Provo, Utah, and Bountiful, Utah." Later in that same affidavit, Carl B. Barney stated "Other than the Plaintiff, all the material witnesses to this dispute reside in the State of Nevada, *or in those markets where CollegeAmerica, Inc. campuses are located* . . . ." (emphasis added). At that time, the named defendant in this lawsuit was CollegeAmerica, Inc., therefore, the above statements clearly imply that the Defendant, CAS, was an educational institution that owned the campuses listed above, as opposed to the management and consulting arm of those campuses. On July 18, 2005, in support of CAS's opposition to Plaintiff's Motion to Compel Discovery, Carl Barney stated under oath by affidavit, "Like the advertising summary reports, CollegeAmerica Services, Inc.tkeeps as confidential *the number of students at each of its educational facilities* . . . ." That statement also clearly implies that the campuses were owned by CAS.

Memorandum in Support of Plaintiff's Motion to File Amended Complaint Adding Parties, p.1.

CollegeAmerica Services, Inc. In addition, CollegeAmerica Services, Inc. has presented evidence that as early as 2003, Plaintiff received tear sheets and invoices which should have imparted to Plaintiff knowledge relating to the specific markets and colleges which Plaintiff is alleging infringed on its copyrighted material.

Rule 15 of the Federal Rules of Civil Procedure provides that under certain conditions a pleading may be amended once as a matter of course, but "[o]therwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." However, the Eighth Circuit Court of Appeals has stated, "The policy favoring liberal allowance of amendment does not mean that the right to amend is absolute." *Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989). Where an amendment of pleadings would likely result in the burdens of additional discovery and a delay in the proceeding, a district court usually does not abuse its discretion in denying leave to amend pleadings. *Popp Telcom v. American Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000)(citing *Thompson-El v. Jones*, 876 F.2d at 68); *See also, Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 887 (8th Cir. 2006).

Plaintiff is seeking to add six parties to this action well over two years after this action was removed to this Court. The addition of these parties would in all probability require additional discovery, consideration of other motions, including motions to dismiss for lack of personal jurisdiction, and a significant and undue delay in the resolution of this case. Justice does not require that this Court allow permission to file and serve the proposed third amended complaint. Accordingly,

**IT IS ORDERED** that Plaintiff's motion requesting permission to file and serve its third amended complaint.(Doc. 70) is denied.

Dated this 29th day of August, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)   DEPUTY

4