UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
FEB 0 5 2007

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CRAFT & ASSOCIATES, INC., | * | CIV. 03-4247 |
| Plaintiff, | * | |
| | * | ORDER ON PLAINTIFF'S |
| -vs- | * | MOTION (DOC. 110), |
| | * | DEFENDANT'S MOTIONS |
| COLLEGEAMERICA SERVICES, INC., | * | (DOCS. 108 AND 113) |
| Defendant. | * | |

****************************************************************************

This is the third round of discovery motions which the parties have been unable to resolve themselves.[1] Pending are a discovery motion from Craft (Doc. 110), a second motion for a protective order from CollegeAmerica (Doc. 108), and a motion from CollegeAmerica to supplement the record in the event the motion for protective order is granted (Doc. 113).

## DISCUSSION

### Craft's Discovery Motion (Doc. 110).

Craft's motion contains parts A through G. Each part is addressed here by the same designations, A through G.

A.   Item A of plaintiff's motion is the subject of a RECOMMENDATION to the district court which is filed separately.

B.   Craft moved for a declaratory Order declaring that CollegeAmerica did not timely or properly produce documents requested during the discovery process. There are 6 items in this category.

---

[1] Filed this morning is the Notice of Appearance (Doc. 135) of new counsel representing CollegeAmerica.

1.	Direct mail documents. Craft was supplied this document by a third party. Craft expected this document to be produced by CollegeAmerica along with other documents it produced. This document was not among the documents produced by CollegeAmerica. Craft pursued the issue with counsel and in a motion to compel. The matter was discussed at a previous hearing about discovery disputes in this case. CollegeAmerica asserted at the hearing that it had produced everything in its possession. Yet this mystery document was not among the items produced. Craft seems to think the omission was purposeful. CollegeAmerica asserts it was an oversight about which Craft is trying to capitalize. No useful purpose can be served by declaring whether this document was timely or properly served. If necessary or desirable, it is a matter which can be considered when sanctions are considered further, if at all.

2.	Insurance policies. Craft acknowledged the policies were produced, albeit not until November 6, 2006, after the hearing on the discovery dispute, but they should have been produced among the initial disclosures. November 6, 2006, was the deadline imposed by Court Order as a result of the second round of discovery disputes. No useful purpose can be served by declaring whether the insurance policies were timely or properly served. If necessary or desirable, it is a matter which can be considered when sanctions are considered further, if at all.

3.	CollegeAmerica's Fourth Supplemental Responses/800 Number Report. The Fourth Supplemental Responses were not produced until after Mr. Barney's deposition. Craft suggests the timing was to prevent Craft from deposing Mr. Barney about the Responses. CollegeAmerica suggests it was because Craft took twice as long as it said it would for Mr. Barney's deposition, so CollegeAmerica didn't have time to prepare the Responses after the deposition was completed as they had planned. Mr. Barney's deposition was taken by telephone, according to the

2

pages of the transcript furnished to the court by Craft. Craft is entitled to inquire into matters contained within the Fourth Supplemental Responses by deposition before trial if they desire. If so, the deposition should be arranged and taken not later than February 16, 2007.

    4.   Miscellaneous Documents. Craft asserts that on November 10, 2006, CollegeAmerica produced about 75 pages of documents that CollegeAmerica was not sure had been previously produced. Counsel for CollegeAmerica outlined in summary form what he believed had been produced. Craft's complaint about this event is not clear. The complaint seems to be that each time Craft challenges CollegeAmerica about non-compliance with discovery requests, CollegeAmerica replies that it has produced everything there is to produce, yet new information or documents trickle in thereafter. CollegeAmerica's counsel explains this was an effort to inventory every item in counsel's file, was done in the spirit of cooperation and pursuant to the Court's pronouncement that the parties' respective counsel should examine their files to make sure everything has been produced. It does not appear that counsel's letter and summary are discovery responses, so no purpose would be served by declaring that counsel's letter and summary were not timely or proper.

    5. & 6.   Three CDs. Craft wrote to CollegeAmerica on December 6, 2006, to advise that three of the CDs mentioned in CollegeAmerica's letter of November 10, 2006, had not been produced. They were delivered on December 14, 2006. This item, along with the pertinent others above, were not timely produced despite two motions to compel and a show cause hearing, according to Craft. CollegeAmerica did not respond to this complaint. No useful purpose can be served by declaring whether these CDs were timely or properly served. If necessary or desirable, it is a matter which can be considered when sanctions are considered further, if at all.

C.  Craft moves for an order directing CollegeAmerica to produce the documents CollegeAmerica delivered to its experts. Both parties agree the issue is moot because the documents were produced December 29, 2006.

D.  Craft moves for an order declaring that CollegeAmerica did not produce pertinent ad information, i.e. what ads were run, where, and cost. Also, Craft moves for an order declaring that CollegeAmerica failed to certify that there is nothing more to disclose. CollegeAmerica was previously ordered at the show cause hearing either to produce what had not been produced by November 6, 2006, or certify by the signature of the client, not counsel, that everything it could produce had been produced. CollegeAmerica asserts that Craft had four hours to depose Mr. Barney, that Fourth Supplemental Responses were served, and that the request is unfounded. The record has been made and will speak for itself when, if at all, the court considers further the question of sanctions. No constructive purpose would be served by making a declaratory ruling now.

E.  Craft moves for an order directing counsel and CollegeAmerica representatives to appear before the court to justify and explain. No useful purpose would be served by convening such a hearing now.

F.  Craft moves for sanctions regarding items A through D above. Sanctions will be considered, if at all, at a later date.

G.  Craft moves for sanctions regarding the Order of November 22, 2006. That Order provided that the issue of sanctions would be reserved for future consideration.

Craft requested oral argument. This file is sufficiently familiar to the court so that, together with the briefs and affidavit filed by the parties, a hearing is not necessary.

**CollegeAmerica's Motions (Docs. 108 & 113).**

CollegeAmerica moved for a protective order (Doc. 108). CollegeAmerica has supported

the motion with an affidavit from Carl Barney which describes the proprietary information it seeks to protect from competitors and public disclosure. Craft supports the motion. The motion has been sufficiently supported and is GRANTED.

CollegeAmerica moved to supplement the record with matters covered by the requested protective order (Doc. 113). CollegeAmerica's motion is GRANTED. Craft moved for permission to also be allowed to supplement the record if CollegeAmerica's motion to supplement is granted. CollegeAmerica resists Craft's request out of fear Craft will use this opportunity as a vehicle to add more documents and issues to the litigation, unrelated to CollegeAmerica supplemental documents it files under the protective order. Craft will be also be allowed to supplement the record, but only with matters directly related and responsive to the supplemental matters filed under the protective order by CollegeAmerica.

**Reminder to Counsel.**

Counsel are reminded that the use of the following in submissions to the court is discouraged:

"half baked excuse"

"conveniently" [leave out] or [failed to produce] or [fails to recognize]

it is "surprising" when referring to acts or alleged omissions of the opposing party or counsel.

## ORDER

Accordingly, it is hereby ORDERED:

1. Defendant's Second Motion for Protective Order (Doc. 108) is GRANTED. The Protective Order proposed by the parties in May, 2006, (Doc. 69-2) has been contemporaneously filed.

2. Plaintiff's Motion for Determination Regarding Discovery Matters and Motion for Oral Argument (Doc. 110) is GRANTED in part and DENIED in part as follows:

    Under B. in plaintiff's motion, Plaintiff may take another Rule 30(b)(6)deposition from CollegeAmerica regarding matters contained within Defendant's Fourth Supplemental Response not later than February 16, 2007. Plaintiff's motion (Doc. 110) in all other respects is DENIED.

3. Defendant's Motion to Supplement Motion Pleadings (Doc. 113) with items covered by the Protective Order is GRANTED. Craft will be also be allowed to supplement the record, but only with matters directly related and responsive to the supplemental matters filed under the protective order by CollegeAmerica.

Dated this 5th day of February, 2007.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: *Shelly Margulies*, Deputy

(SEAL)

6