UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
FEB 0 5 2007


CLERK

| | |
|---|---|
| CRAFT & ASSOCIATES, INC. | Civ. 03-4247 |
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| COLLEGE AMERICA SERVICES, INC. | |
| Defendant. | |

Upon due consideration of the parties' Stipulation for Entry of a Protective Order; and for good cause shown, it is hereby:

ORDERED, that a Protective Order is GRANTED; and it is

FURTHER ORDERED, that all parties and their counsel, and such other persons as are identified herein, shall comply with each of the following provisions of this Protective Order:

I.

    A.    This Protective Order governs the handling of all documents, tangible materials, testimony, and responses to discovery and other information produced, served, disclosed or filed, whether voluntary or through discovery or other proceedings, including without limitation all copies, excerpts and summaries (collectively "Material") in connection with this action.

    B.    The provisions of this Protective Order shall apply to (1) the Parties to this action, (2) court reporters and court personnel, and (3) any person who agrees to be bound by the terms of this Protective Order. As used herein, "Person" includes the named Parties and others who have agreed to be bound by this Protective Order. "Parties" is limited to the named Parties in this action.

        (A)    II.    One who provides, serves, discloses or files any nonpublic Material in connection with this action, and who in good faith believes such material contains trade secrets, proprietary information or nonpublic technical, commercial, financial, personal or business information, ("Designator") may designate such Material as "Confidential." The Material so designated shall be deemed "Confidential Material" subject to this Protective Order.

III. Confidential Material shall be subject to the following restrictions:

A. Confidential Material shall be used only for the limited purpose of preparing for and conducting this action (including appeals), and not for any other purpose whatsoever, and shall not be given, or otherwise disclosed, in any way to anyone except those specified in sub-paragraph III(B).

B. Confidential Material may be disclosed solely for the purposes set forth above, only to:

(1) Counsel of record and any other legal counsel for the Parties in this action, members of their firms and associates, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action;
(2) No more than a total of two employees of each party who counsel of record, in good faith, requires to provide assistance in the conduct and evaluation of this action;
(3) The Court and court personnel;
(4) Consultants or experts retained for this action;
(5) Any person to whom the Designator agrees in writing;
(6) Persons employed or retained by the Designator.

C. All submissions to the Court which incorporate or disclose Confidential Material shall be labeled on the cover page and on the pages on which such Confidential Material appears and filed in a sealed container with the caption of this action and the words "SEALED-SUBJECT TO PROTECTIVE ORDER DATED" and the following statement: "This contains (description of contents) which incorporate Confidential Material, and is not to be opened nor are its contents to be revealed to anyone other than authorized court personnel or counsel of record, except by Order of Court."

D. The designation of Material as "Confidential" shall not itself affect the rights of the Designator (or the Designator's authorized representative) to give or disclose the Material to any Person for any reason.

IV. Each person given access to Confidential Material pursuant to this Protective Order other than counsel of record and others identified in subparagraph III(B)(1), III(B)(3) and III(B)(6) shall be provided with a copy of this Protective Order and shall be advised: (i) that the Confidential Material is being disclosed pursuant to and subject to the terms of the Protective Order and may not be disclosed other than pursuant to the terms hereof; and (ii) that the violation of the terms of this Protective Order (by use of the Confidential Material for business purpose or in any other impermissible manner) will constitute contempt of a Court Order. Any Person to be given access to Confidential Material must first read the Protective Order, and must execute the attached agreement to be bound and consent to the jurisdiction of the Court for purposes of enforcement of this Protective Order. If Confidential Material is to be disclosed during a deposition or trial, the

agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing.

V. Confidential Material shall be designated as follows:

   A. In the case of documents, designation shall be made by placing the word "CONFIDENTIAL" on every page of the document prior to production. Documents may be produced for inspection before being marked Confidential. Once specific documents have been designated for copying, any documents containing Confidential Material will then be marked Confidential after copying but before delivery to the Party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked Confidential pursuant to this procedure.

   B. In the case of Interrogatory answers, designation shall be made by placing the word "CONFIDENTIAL" on each page of any such answer.

   C. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record at any time before the end of each deposition is concluded or by a statement in writing sent to all counsel within seven (7) business days after receipt of the transcript. If the designation is made during a deposition, only persons to whom disclosure of Confidential Material is permitted under paragraph III shall remain present while Confidential Material is being used or discussed. The reporter shall bind the transcript in separate portions containing the non-confidential Material and Confidential Material. The reporter shall place the paragraph V(B) legend on the cover of the confidential portions of the transcript. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court order. In the absence of an agreement on the record or in writing to the contrary, all deposition testimony shall be deemed Confidential Material until the expiration of the aforementioned seventh day.

VI.

   A. No Party concedes that any Material designated by any other persons as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material. Any Party, may at any time, on reasonable notice, move for relief from the provisions of this Protective Order with respect to specific Material.

   B. A Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge. If a Party challenges a designation, it shall give notice to the Designator, and they shall attempt to resolve any challenges in good faith on an expedited and informal basis. If the challenge cannot be expeditiously

and informally resolved, either the Designator or the challenging Party may apply for a ruling from the Court. The Material in issue shall continue to be treated as designated until the Court orders otherwise.

    C.    Any Designator may, at any time, withdraw the CONFIDENTIAL designation of any Confidential Material so designated by that Designator.

VII. This Protective Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Protective Order.

VIII. At the conclusion of this action, including any appeals, the clerk shall return to the filing Party's counsel all submissions to the Court which incorporate or disclose Confidential Material.

IX. At the conclusion of this action, including any appeals, all items designated or reflecting Confidential Material and all copies of them, including all copies furnished to persons identified in paragraph III (except as provided herein with respect to documents reflecting privileged communication or attorney work product), shall be promptly returned by counsel for the receiving Party to counsel for the Designator. To the extent privileged communications or attorney work product contains information designated "CONFIDENTIAL", the receiving Party may, in lieu of returning such items, destroy them and certify in writing to the Designator that such items have been destroyed. Notwithstanding the foregoing, counsel of record may retain any submissions to the Court, privileged communications or attorney work product containing confidential information, subject to the provisions hereof.

X. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such Material is subject to the attorney client privilege or is protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure. No Party shall be held to have waived any rights by such inadvertent production provided that seasonable notification of such inadvertent production is made once the producing party realizes such inadvertent production has occurred.

XI. Each Party, Designator and Person bound by this Protective Order shall be entitled to move for modification of this Protective Order for good cause on notice to the Parties and any affected Designator. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

XII. Production or disclosure of Confidential Material under this Protective Order shall not prejudice the right of any Person making that production or disclosure to maintain the trade secret status or confidentiality of that Material in other contexts.

SO ORDERED:

Dated: Feb 5, 2007

_____
District Court Judge