FILED
FEB 2 8 2007

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| CRAFT & ASSOCIATES, INC., | CIV. 03-4247 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER RE: MOTIONS TO DISMISS AND ORDER REGARDING BRIEFING, SUBMISSION OF DOCUMENTS AND DISCOVERY |
| COLLEGE AMERICA, INC., | |
| Defendant. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Craft & Associates, Inc., (Craft), a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota, sued Defendant, College America Services, Inc., (College America), a Nevada Corporation, in South Dakota Small Claims Court. The action was removed from Small Claims Court to Circuit Court upon College America's motion. College America then gave notice pursuant to 28 U.S.C. § 1446 of the removal of the case to Federal District Court. In its second amended complaint, Craft alleges causes of action for breach of contract, unjust enrichment, and copyright infringement. Pending before the Court is College America's Motion to Dismiss Counts 1 and 2 of the Second Amended Complaint (Doc.102), Motion to Dismiss Count III of the Second Amended Complaint (Doc. 100) and Motion for Summary Judgment. Also pending before the Court is Defendant's Objection to the Magistrate's Report and Recommendation (Doc. 144) and College America's Motion to Continue Trial (Doc. 148). The Court heard oral argument from counsel at the motion and pretrial hearings on February 26, 2007 and February 27, 2007. The Court requested additional briefing on whether the originality requirement had been met in the items pertinent to the copyright infringement claim.

## DISCUSSION

Factual background

Defendant College America performs services for independent colleges located in Colorado,

Arizona and Utah. Plaintiff Craft, a South Dakota Corporation, entered into an oral agreement with Defendant College America for Craft to produce and place marketing media for one of the colleges and to promote College America's educational opportunities. In the summer of 1996, Craft and College America negotiated an agreement but a written agreement was not executed by the parties. From 1996 through early 2003, Craft created marketing materials for College America and placed the material in television, radio, and newspaper advertisements. College America paid Craft for the marketing materials from 1996 through 2003.

In early 2003, a dispute arose between the parties regarding the fee for creating, producing and placing the market media. In early 2003, another dispute arose between the parties regarding the ownership of the marketing media and its continued use by College of America. Craft contends that College of America continues to use newspaper, television and radio marketing media produced by Craft without funding and paying for the use of the media. Craft further contends that College of America used and continues to use Craft's copyrighted material without payment.

Principles Regarding Judgment on the Pleadings

On a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court accepts as true all facts pleaded by the non-moving party and grants all reasonable inferences from the pleadings in favor of the non-moving party. *United States v. Any and All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000). Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law. *Id.* If matters outside the pleadings are presented to and considered by the Court, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." Fed.R.Civ.P. 12(c).

## WHETHER THE CAUSES OF ACTION IN CRAFT'S SECOND AMENDED COMPLAINT FOR BREACH OF CONTRACT AND UNJUST ENRICHMENT ARE PREEMPTED BY FEDERAL COPYRIGHT LAW?

College of America contends that the causes of action in craft's second amended complaint for breach of contract and unjust enrichment are preempted by federal copyright law. 17 U.S.C. § 301(a) provides that the Copyright Act shall be the exclusive source of protection for "all legal and

equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by ... [§ ] 106" of the Copyright Act.[1] Accordingly, the Copyright Act preempts state laws that attempt to protect rights exclusively protected by federal law. *See Nat'l Car Rental Sys., Inc. v. Computer Assocs. Intern., Inc.*, 991 F.2d 426, 428 (8th Cir.1993). Conversely to this principle, the Copyright Act does not preempt state law from enforcing non-equivalent legal or equitable rights. *Id.* A state cause of action is preempted statutorily or expressly if: (1) the work in issue is within the subject matter of copyright as defined in §§ 102 and 103 of the Copyright Act, and (2) the state-law-created right is equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106 of the Copyright Act. *Davidson & Associates v. Jung*, 422 F.3d 630, 638 (8th Cir. 2005).

In *National Car Rental System, Inc. v. Computer Associates Intern., Inc.* 991 F.2d 426, 431 (8th Cir.1993), the Eighth Circuit in determining whether a breach of contract cause of action was preempted by the Copyright Act explained: "If an extra element is 'required, instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie 'within the general scope of copyright' and there is no

---

[1] 17 U.S.C.A. § 106 provides:
[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
    (1) to reproduce the copyrighted work in copies or phonorecords;
    (2) to prepare derivative works based upon the copyrighted work;
    (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
    (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
    (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
    (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

preemption.'" *Id.*(quoting 1 Nimmer on Copyright § 1.01[B], at 1-14-15 (footnotes omitted)). The Eighth Circuit Court of Appeals in *National Car Rental System* also noted that the House committee report to the Copyright Act suggests that breaches of contract were not generally preempted. *Id.* at 432 (citing H.R.Rep. No. 94-1476, 94th Cong., 2d Sess. 132, reprinted in 1976 U.S.C.C.A.N. 5659, 5748).

The Second Amended Complaint in this action references an oral agreement for Craft to produce marketing materials for use by College America in various locations for a monthly retainer for the production and use of these materials set at the amount of $5,600 plus costs. The Second Amended Complaint further alleges nonpayment of the final month's retainer fee of $5,600. Doc. 36. The existence of the oral agreement, set fee, and specified amount of nonpayment distinguishes this breach of contract cause of action for the final month's retainer fee of $5,600 from an action merely alleging the acts of reproduction, performance, distribution or display. The motion to dismiss is denied with respect to the breach of contract action in the amount of $5,600 plus costs.

In the unjust enrichment cause of action, however, unlike in Craft's breach of contract action, Craft requests damages for reproduction and distribution of marketing materials from May 2003 onward, without reliance on any oral or written contract. Although enrichment is not required for copyright infringement, an allegation of enrichment is not sufficient to make the unjust enrichment claim qualitatively different from a copyright infringement claim. *See Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). Craft has conceded the same in oral argument at the motion and pretrial hearings. For these reasons the motion to dismiss is granted with respect to the unjust enrichment cause of action.

### WHETHER CRAFT HAS PROPERLY PLEAD ITS COPYRIGHT INFRINGEMENT CLAIM UNDER RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE ?

College of America contends that in the copyright infringement cause of action in Craft's Second Amended Complaint, Craft failed to allege with specificity the particular infringing acts, and that the copyright infringement cause of action should be dismissed for this reason. As the Court stated from the bench on February 26, 2007, however, the Eighth Circuit has not imposed the strict pleading requirement advocated by College of America. As the Court noted, although some district courts have imposed heightened pleading requirements in copyright infringement cases, the

heightened pleading requirements appear to be in violation of the "short and plain statement of the claim" pleading requirement of Rule 8 of the Federal Rules of Civil Procedure, especially in light of the Supreme Court's holdings in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), and *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). *See generally*, 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1237 (3d ed. 2004). The motion to dismiss the copyright infringement cause of action (Doc. 100) is denied for these reasons.

## DISCOVERY CONCERNS

Plaintiff Craft is seeking discovery information regarding inquiries and starts and contends that such information is contained in Defendant's Campus Soft Program. Defendant maintains that the Campus Soft program contains highly sensitive and confidential student information. The Court is ordering Defendant to extract the raw data from the Campus Soft Program and provide Plaintiff Craft with the requested discovery information regarding inquiries and starts. The information provided should not indicate identities or other personal information that is protected by law. If Defendant is unable to extract this information, Defendant should immediately provide the Court with a detailed affidavit explaining why the information cannot be extracted from the Campus Soft Program.

Accordingly,

IT IS ORDERED:

1. That College America's Motion to Dismiss Counts 1 and 2 of the Second Amended Complaint (Doc.102) is granted with regard to the cause of action for unjust enrichment and denied with regard to the cause of action for breach of contract for $5600;

2. That College America's Motion to Dismiss the Copyright Infringement Cause of Action of the Second Amended Complaint (Doc. 100) is denied;

3. That Plaintiff shall serve and file the 16 copyright registrations relevant to the copyright infringement claims with the attached brochures by Thursday, March 1, 2007, at 5:00 p.m.;

4. That by Thursday, March 1, 2007, at 5:00 p.m. Plaintiff shall serve and file its brief on whether the originality requirement has been met in the items pertinent to the copyright

infringement claims;

5. That by Wednesday, March 7, 2007, at 5:00 p.m. Defendant shall serve and file its brief on whether the originality requirement has been met in the items pertinent to the copyright infringement claims;

6. That College America's Motion to Continue Trial (Doc. 148) is taken under advisement;

7. That Defendant's Objection to the Magistrate's Report and Recommendation (Doc. 144) is taken under advisement;

8. That Defendant's Motion for Summary Judgment is taken under advisement and the Court will consider the additional briefing and registration documents set forth in this Order; and

9. That Defendant extract raw data from the Campus Soft Program and provide Plaintiff Craft with the requested discovery information regarding inquiries and starts, but not provide information regarding identities or other information protected by law. If Defendant is unable to extract this information, Defendant should immediately provide the Court with a detailed affidavit explaining why the information cannot be extracted from the Campus Soft Program.

Dated this 28th day of February, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:
(SEAL)   DEPUTY