UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



FILED
MAR 20 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CRAFT & ASSOCIATES, INC., | CIV 03-4247 |
| Plaintiff, | |
| vs. | ORDER |
| COLLEGEAMERICA SERVICES, INC., | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

On Wednesday, March 14, 2007, counsel for CollegeAmerica Services, Inc. moved to withdraw as counsel and also moved for a stay or continuance of the jury trial on the CollegeAmerica Counterclaim. The trial date on this case, which was initially filed in 2003, has been set since September 29, 2006.

The Motion for Withdrawal is based upon a claimed conflict and the refusal of CollegeAmerica to waive that conflict. The Motion is denied because this Court finds no conflict or any potential conflict. CollegeAmerica has known since the beginning of this month that a declaratory judgment action was going to be brought against them by their insurer with a claim of no coverage. The request about two weeks later to withdraw on the eve of trial is not timely.

No basis has been shown for terminating the attorney-client relationship between CollegeAmerica and the Davenport Law Firm. Even if there was a basis shown for terminating the relationship, the Court has the authority under these circumstances to order the representation to continue and the case ahead to trial next Tuesday. S.D. Rule of Professional Responsibility Rule 1.16(c).

No conflict exists for the Davenport Law Firm. That law firm's representation of

CollegeAmerica had two facets, the first was their retention on January 24, 2007, on the claims against CollegeAmerica by Plaintiff Craft & Associates. That retention of the law firm was to defend CollegeAmerica under the insurance policy. Other counsel was subsequently allowed to withdraw after participating in the pre-trial conference and motion hearing. The other facet of the representation was that two days later, on January 26, 2007, CollegeAmerica Services retained Davenport Law Firm to represent CollegeAmerica Services on the Counterclaim against Craft & Associates. That representation had nothing to do with the insurer. On March 3, 2007, the claim by Craft & Associates against CollegeAmerica was settled. The only remaining claim is the Counterclaim of CollegeAmerica against Craft & Associates.

The representation of an insured by counsel retained by the insurer to represent the insured results in an attorney-client relationship between the insured and that counsel. *State Farm Mutual Auto Ins. v. Armstrong Extinguisher Service*, 791 F.Supp. 799, 801 (D.S.D. 1992). See also S.D. Rules of Professional Conduct Rule 1.8(f) and comment 11 and comment 13 to Rule 1.7. CollegeAmerica cites *State Farm Fire & Casualty Co. v. Superior Court*, 265 Cal.Rptr. 372 (Cal.App. 1989). That case does not establish nor recognize that the insurer is also a client of the law firm retained by the insurer to defend the insured. Instead, the case recognized and applied the *Cumis* doctrine: "It is only when the basis for the reservation of rights is such as to cause assertion of factual or legal theories which undermine or are contrary to the positions to be asserted in the liability case that a conflict of interest sufficient to require independent counsel, to be chosen by the insured, will arise."

Even though the Davenport Firm is defending a worker's compensation claim for Hartford Casualty Insurance Company, that representation was not claimed by the Davenport Firm at the inception of the CollegeAmerica representation as a conflict of interest and it is not a conflict of interest now. The declaratory judgment action was filed on March 19, 2007 in this Court, CIV 07-4041. There is no lack of cooperation claimed as a basis for denial of coverage. Instead, the denial of coverage arises from the nature of the claim of Craft & Associates against CollegeAmerica. It appears unlikely that anyone from the Davenport Firm would be a witness in

litigating that coverage question. If anyone from the Davenport Firm is called as a witness in the declaratory judgment action, they will only be testifying under oath as to the truth. They would not be appearing as a lawyer for either Hartford Insurance or for CollegeAmerica. Accordingly, there is no conflict of interest under the South Dakota Rules of Professional Conduct 1.7, 1.9, and 1.16. The Court is aware that CollegeAmerica, through its corporate counsel, claims a conflict of interest which they will not waive. However, there is no conflict for CollegeAmerica to refuse to waive and the jury trial of the Counterclaim of CollegeAmerica will proceed as scheduled on March 27, 2007.

IT IS SO ORDERED:

Dated this 20th day of March, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Shelly Margulies
Deputy